UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                    :

ISADORE FISHER, JANNA M. WOOTEN, KELLI    :
M. BUNN, TAMMY T. SOILEAU and AMY K.      :
HARVEY, on Behalf of Themselves and a Class  :        03 Civ. 3252 (SHS)
of Persons Similarly Situated, and on Behalf of the :
Morgan Chase 401(k) Savings Plan,            :        OPINION & ORDER
                                                                   :
                       Plaintiffs,                   :

             -against-                       :

J.P. MORGAN CHASE & CO., J.P. MORGAN      :
INVESTMENT SERVICES, THE PLAN               :
INVESTMENT MANAGEMENT COMMITTEE, :
THE BENEFITS FIDUCIARY COMMITTEE,    :
INA R. DREW, DINA DUBLON, PATRICK L.    :
EDSPARR, JOHN J. FARRELL, PETER H. KOPP, :
MARIA ELENA LAGOMASINO, BLYTHE S.     :
MASTER, EDWARD L. MCGANN, MARC J.     :
SHAPIRO, JOHN C. WILMOT, RICHARD        :
DONALDSON JR., WILLIAM B. HARRISON,    :
MARC J. SHAPIRO, HANS W. BECHERER, RILEY :
P. BECHTEL, FRANK A. BENNACK, JR.,        :
LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, :
H. LAURANCE FULLER, ELLEN V. FUTTER,    :
WILLIAM H. GRAY, III, WILLIAM B.               :
HARRISON, JR., HELENE L. KAPLAN, LEE R.    :
RAYMOND, JOHN R. STAFFORD, LLOYD D.   :
WARD and JOHN DOES 1-30,                   :
                                                                    :
                     Defendants.                :
------------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Plaintiffs Isadore Fisher, Janna M. Wooten, Kelli M. Bunn, Tammy T. Soileau and Amy K. Harvey have brought this action for alleged breaches of fiduciary duty in violation of section 409(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1109(a). Plaintiffs, who are present and former participants in JP Morgan Chase & Co.'s 401(k) Savings Plan

(the "Plan"), contend that defendants are fiduciaries with respect to the Plan who have breached their fiduciary duties in connection with the investment of Plan funds in JP Morgan Chase & Co. ("JPM Chase") stock. Plaintiffs have now moved for certification of the proposed class of Plan participants whose personal accounts included units of funds that held shares of common stock of JPM Chase. To the extent plaintiffs' claims are purportedly brought pursuant to the right of action contained in ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), plaintiffs lack standing, because they are asserting claims for damages to individuals on behalf of a subset of Plan participants. Insofar as plaintiffs bring their claims pursuant to the right of action contained in ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), they have failed to satisfy their burden to establish compliance with the requirements of Fed. R. Civ. P. 23. Accordingly, plaintiffs' motion for class certification is denied.

I. The Proposed Class

Individual participants in the Plan maintained personal accounts and chose from among a menu of investment options, including the JP Morgan Chase Stock Fund, which in turn made investments in the common stock of JPM Chase. (Id. ¶¶ 35-37). Defendants allegedly violated their fiduciary duties to those Plan participants whose personal accounts contained units of the JP Morgan Chase Stock Fund. Accordingly, plaintiffs seek to certify a class comprised of the following members:

> All current and former participants and beneficiaries of the JP Morgan Chase 401(k) Saving Plan ("Plan") for whose individual accounts the Plan held shares of common stock of the Chase Manhattan Corporation ("Chase") and/or JP Morgan Chase & Co. ("JPMC" or the "Company") (such shares of common stock being held in the form of units of the J.P. Morgan Stock Fund and/or the JP Morgan Chase Stock Fund) at any time from April 1, 1999 to and including January 2, 2003. Excluded from the Class are Defendants herein, officers and directors of Defendant JPMC, members of their immediate families, and the heirs, successors or assigns of any of the foregoing.

(Pls.' Supplemental Submission in Supp. of Mot. for Class Cert. at 8).

II. Legal Standard for Certification

When considering a motion for class certification, a court should not address whether the plaintiffs have "stated a cause of action or will prevail on the merits, but whether the requirements of [Federal] Rule [of Civil Procedure] 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) (citation and quotation marks omitted). The burden is on the proponents of the class to establish compliance with Rule 23. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999). "Although the determination of whether to certify a class is not an occasion for an examination of the merits of the case, a court must conduct a 'rigorous analysis' to decide if the plaintiffs have met their burden of establishing the prerequisites for certification under Rule 23." Spann v. AOL Time Warner, Inc., 219 F.R.D. 307, 315 (S.D.N.Y. 2003) (quoting In re Visa Check/Master Money, 280 F.3d 124, 135 (2d Cir. 2001) (citation omitted), and Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990)).

Fed. R. Civ. P. 23 provides a two-tiered process for determining whether certification of a proposed class is appropriate. First, the Court must examine whether the four threshold requirements of Fed. R. Civ. P. 23(a) have been met. To achieve certification, the proponents of the class must show that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The proponents must also demonstrate that the action fits into one of the categories set forth in Fed. R. Civ. P. 23(b).

Before determining whether a proposed class satisfies the requirements of Fed. R. Civ. P. 23, the Court must be satisfied that plaintiffs possess standing to assert their claims, since the Court cannot certify a proposed class if the proposed representatives lack standing to sue. See O'Shea v. Littleton, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); Murray v. U.S. Bank Trust Nat'l Ass'n, 365 F.3d 1284, 1289 n.7 (11th Cir. 2004); Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1351 (11th Cir. 2001); Carter v. West Publ'g Co., 225 F.3d 1258, 1267 (11th Cir. 2000); Fallick v. Nationwide Mutual Ins. Co., 162 F.3d 410, 423 (6th Cir. 1998); Selby v. Principal Mut. Life Ins. Co., 197 F.R.D. 48, 56 (S.D.N.Y. 2000); In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1531 (D. Mass 1991); The Canadian St. Regis Band of Mohawk Indians v. The State of N.Y., 573 F. Supp. 1530, 1533 (N.D.N.Y. 1983).

There are generally two aspects to standing, constitutional standing pursuant to Article III of the Constitution and prudential standing, which involves "'judicially self-imposed limits on the exercise of federal jurisdiction….'" Lerner v. Fleet Bank, N.A., 318 F.3d 113, 126 (2d Cir. 2003) (quoting Allen v. Wright, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)); see also Warth v. Seldin, 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). "Prudential considerations include 'the general prohibitions on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" Lerner, 318 F.3d at 126 (quoting Allen, 468 U.S. at 751). Included among prudential considerations is the principle of statutory standing. Id.

Just as the requirement of constitutional standing imposes a jurisdictional prerequisite to suit, id. at 126-27, so too prudential standing considerations are generally treated as jurisdictional. Id. at 127; see also Thompson v. County of Franklin, 15 F.3d 245, 248 (2d Cir. 1994). The U.S.

Court of Appeals for the Second Circuit has held that an exception to that general rule exists "if merits issues are so intertwined with the standing issue that any distinction becomes 'exceedingly artificial'" Lerner, 318 F.3d at 127-28 (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 97 n.2, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). Plaintiffs have not argued that that exception applies here. The statutory standing question addressed below is sufficiently distinct from questions relating to the merits of plaintiffs' causes of action that the Court may properly adhere to the general rule that prudential standing considerations constrict the Court's power to entertain certain actions. The Court has therefore treated plaintiffs' establishment of statutory standing as a jurisdictional prerequisite to the perpetuation of this action. See id. at 127.

III. Plaintiffs' Claims

Plaintiffs have brought three breach of fiduciary duty claims – one for imprudent investment, one for misrepresentation or omission and one for improper supervision of other fiduciaries. Plaintiffs assert these claims pursuant to two distinct statutory provisions. The first is contained in ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), and allows a participant to bring an action for appropriate relief pursuant to ERISA section 409(a), 29 U.S.C. § 1109(a), which provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries … shall be personally liable to make good to such plan any losses to the plan resulting from such breach…." In other words, the right of action contained in section 502(a)(2) permits an individual participant to sue a plan fiduciary for breach of fiduciary duty on behalf of the relevant plan itself for losses the plan has suffered. See Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985) (explaining that "the entire text of § 409 persuades us that Congress did not intend that section to authorize any

relief except for the plan itself."). Section 502(a)(2) does not provide individual plan participants a personal right of recovery. See id.

The second statutory provision pursuant to which plaintiffs bring their claims is ERISA section 502(a)(3). That section does create a personal right to sue, but only for an injunction against a violation of ERISA or the terms of the plan, on the one hand, or for "other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan[,]" on the other. 29 U.S.C. § 1132(a)(3). Section 502(a)(3) does not refer to section 409, and it is therefore not limited to circumstances in which claims are brought on behalf of the relevant plan itself. See Milofsky v. Am. Airlines, Inc., 404 F.3d 338, 346 (5th Cir. 2005). Section 502(a)(3) may only be invoked, however, to bring suit for traditional equitable remedies See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002).

Plaintiffs' motion to certify the proposed class is addressed below first to the extent their claims are purportedly brought on behalf of the Plan pursuant to ERISA section 502(a)(2) and second to the extent their claims are brought in their personal capacities pursuant to ERISA section 502(a)(3).

IV. Claims Brought Pursuant to ERISA Section 502(a)(2)

As discussed above, ERISA section 502(a)(2) does not provide for the recovery of damages to individuals. Rather, participants in a plan possess standing to sue pursuant to section 502(a)(2) only insofar as they assert a cause of action on behalf of the plan itself. See Russell, 473 U.S. at 144. Here, defendants urge that plaintiffs lack standing to bring their claims on behalf of the Plan, because plaintiffs are a subset of Plan participants – i.e, those who included units of the JP Morgan Chase Stock Fund in their Plan investments – who seek recovery for individualized injuries. Plaintiffs do not dispute that they seek damages to individuals, but they insist that section 502(a)(2)

6

is available to them nonetheless, because the damages they seek will flow through the Plan to them on an individual basis. Because the damages flow through the Plan, plaintiffs argue, they meet the standing requirements of section 502(a)(2).

The Supreme Court has made plain that liability pursuant to ERISA section 502(a)(2) is meant to allow for recovery to "the benefit of the plan as a whole." Russell, 473 U.S. at 140; see also Lee v. Burkhart, 991 F. 2d 1004, 1009 (2d Cir. 1993) (Russell … bars plaintiffs from suing under § 502(a)(2) because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan."). This Court will not contravene that interpretation by accepting plaintiffs' contention that when damages formalistically pass through a plan on their way to individual plan participants, they transmute individual recoveries into a recovery on behalf of the plan as a whole. See Milofsky, 404 F.3d at 343-44. The Court declines to adopt that strained position, particularly in light of the Second Circuit's admonition that the Supreme Court "has repeated its belief that ERISA's express remedies, as the product of long and careful study and compromise, should remain exclusive." Gerosa v. Savasta & Co., 329 F.3d 317, 322 (2d Cir. 2003) (citing Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 375-76, 122 S. Ct. 2151, 153 L. Ed. 2d 375 (2002), and Great-West, 534 U.S. at 209).

Because plaintiffs seek recovery on behalf of a "specific subclass of participants" and not on behalf of the Plan itself, they may not invoke the right of action contained in section 502(a)(2). Milofsky, 404 F.3d at 347; see also Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993); Nechis v. Oxford Health Plans, Inc., 328 F. Supp. 2d 469, 477 (S.D.N.Y. 2004); In re Schering-Plough Corp. ERISA Litig., No. Civ. A. 03-1204, 2004 WL 1774760, at *8 (D. N.J. June 28, 2004); Ramsey v. Formica, No. 1:04-CV-149, 2004 U.S. Dist. LEXIS 9558, at *9-10 (S.D. Ohio Apr. 6, 2004); Bona v. Barasch, No. 01 Civ. 2289, 2003 U.S. Dist. LEXIS 4186, at *27-28 (S.D.N.Y. March 30, 2003);

7

Kishter v. Principal Life Ins. Co., 186 F. Supp. 2d 438, 442 (S.D.N.Y. 2002); Gruby v. Brady, 838 F. Supp. 820, 827 (S.D.N.Y. 1993).[1]

Plaintiffs are not suing to recoup plan assets, but rather "to recover benefits to which the class members believe they are individually entitled." Nechis, 328 F. Supp. 2d at 477. The injuries of which plaintiffs complain "can only be redressed by awarding relief to those individual plaintiffs who have suffered…." Id. As plaintiffs seek to recover for personalized injuries, they lack standing, "because this case in essence is about an alleged particularized harm targeting a specific subset of plan beneficiaries … only, and not the plan generally." Milofsky, 404 F.3d at 347; see also Bona, 2003 U.S. Dist. LEXIS 4186, at * 28 ("Section 502(a)(2) … gives Individual Plaintiffs standing to seek monetary relief on behalf of the respective Employee Benefit Funds, but not on their own behalf."); Kulesza v. New York Univ. Med. Ctr., 129 F. Supp. 2d 267, 271 (S.D.N.Y. 2001) ("[A] beneficiary suing in his or her individual capacity lacks standing to seek damages for breach of fiduciary duty under ERISA.").

Without standing to pursue their claims pursuant to section 502(a)(2), plaintiffs cannot achieve certification of the proposed class pursuant to Fed. R. Civ. P. 23. Indeed, in light of the absence of standing, plaintiffs' claims must be dismissed to the extent they are purportedly brought pursuant to the right of action contained in ERISA section 502(a)(2). See Fed. R. Civ. P. 12(h)(3); Lerner v. Fleet Bank, N.A., 318 F.3d 113, 127 (2d Cir. 2003).

V. Claims Brought Pursuant to ERISA Section 502(a)(3)

Section 502(a)(3) of ERISA, on the other hand, does provide individual participants a personal right of action to bring claims to enjoin practices that violate ERISA or the relevant plan,

---

[1] A few courts have accepted the interpretation of ERISA sections 409(a) and 502(a)(2) that plaintiffs propose here. See, e.g., Kuper v. Iovenko, 66 F.3d 1447, 1453 (6th Cir. 1995); Rankin v. Rots, 220 F.R.D. 511, 520 (E.D. Mich 2004); Kling v. Fidelity Mgmt. Trust Co., 270 F. Supp. 2d 121, 126 (D. Mass 2003). None of those courts, however, has reconciled that interpretation with the Supreme Court's reasoning in Russell. See Milofsky, 404 F.3d at 346.

or to "obtain other appropriate equitable relief…." 29 U.S.C. § 1132(a)(3). The Supreme Court has interpreted section 502(a)(3) to contemplate only the type of relief "<u>typically</u> available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." <u>Mertens v. Hewitt Assocs.</u>, 508 U.S. 248, 256, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993) (emphasis in original); <u>see also</u> <u>Great-West Life & Annuity Ins. Co. v. Knudsen</u>, 534 U.S. 204, 210, 122 S. Ct. 708, 115 L. Ed. 2d 635 (2002). Compensatory damages – historically legal, not equitable, relief – are unavailable pursuant to section 502(a)(3). <u>See</u> <u>Great-West</u>, 534 U.S. at 210; <u>Gerosa v. Savasta & Co., Inc.</u>, 329 F.3d 317, 321 (2d Cir. 2003) ("Classic compensatory and punitive damages are never included within 'other appropriate equitable relief.'") (quoting 29 U.S.C. § 1132(a)(3)); <u>Caffey v. Unum Life Ins. Co.</u>, 302 F.3d 576, 583 (6th Cir. 2002); <u>Lee v. Burkhart</u>, 991 F.2d 1004, 1011 (2d Cir. 1993). According to the Supreme Court, plaintiffs may invoke section 502(a)(3) "not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." <u>Great-West</u>, 534 U.S. at 216.

Insofar as plaintiffs' claims are brought for traditional equitable remedies pursuant to the right of action contained in section 502(a)(3), the court must now determine whether plaintiffs have satisfied the four prerequisites set forth in Fed. R. Civ. P. 23.

A. Fed. R. Civ. P. 23(a) Factors

To merit certification as a class, the proposed class must comply with Fed. R Civ. P. 23. Both the proposed class and its representatives must meet all the requirements included in Fed. R. Civ. P. 23(a), and the action must fit into at least one of the categories set forth in Fed. R. Civ. P. 23(b). Fed. R. Civ. P. 23(a)'s four requirements are usually given the shorthand titles of numerosity, commonality, typicality and adequacy of representation.

1. Fed. R. Civ. P. 23(a)(1): Numerosity

Fed. R. Civ. P. 23(a)(1) mandates that a class may only be certified when it is "so numerous that joinder of all members is impracticable." Plaintiffs need not show that joinder is impossible, see Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993), nor need they know the exact number of class members, see Banyai v. Mazur, 205 F.R.D. 160, 163 (S.D.N.Y. 2002). Rather, numerosity depends upon "examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of the N.W., Inc. v. E.E.O.C., 446 U.S. 318, 330, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980). Certification is appropriate when the number of class members is sufficiently large such that joinder of all members would make litigation needlessly complicated and inefficient. See Banyai, 205 F.R.D. at 163.

2. Fed. R. Civ. P. 23(a)(2): Commonality

The second prerequisite for certification pursuant to Fed. R. Civ. P. 23(a) is that there be "questions of law or fact common to the class." Commonality is established if the plaintiffs' and proposed class members' grievances share a common question of law or fact. See Marisol A. v. Giuliani, 126 F. 3d 372, 376 (2d Cir. 1997). Commonality is essential, because the class action device is meant to conserve resources by allowing for efficient adjudication of common disputes. See Gen. Tel. Co. of the S.W. v. Falcon, 457 U.S. 147, 155, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).

3. Fed. R. Civ. P. 23(a)(3): Typicality

The third precondition to certification is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiffs are typical of the class when "'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" Marisol A., 126 F.3d at 376 (quoting In re The Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d

Cir. 1992)). It is axiomatic that the "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Falcon, 457 U.S. at 156 (quotation marks and citations omitted).

4. Fed. R. Civ. P. 23(a)(4): Adequacy of Representation

The fourth prerequisite to class certification contained in Fed. R. Civ. P. 23(a) is that representative parties "will fairly and adequately protect the interests of the class." Adequacy of representation entails a two-pronged inquiry: (1) class counsel must be "qualified, experienced, and generally able to conduct the litigation" and (2) class members must not have interests antagonistic to those of other class members. Drexel Burnham, 960 F.2d at 291 (quotation marks and citations omitted).

B. Application of the Fed. R. Civ. P. 23(a) Factors

Plaintiffs have demonstrated that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). They have represented that the proposed class includes "at least thousands, and more likely tens of thousands of members" (Pl.'s Mem. in Supp. of Mot. for Class Certification at 9), and defendants have not disputed that assertion. The Court concludes that the proposed class is sufficiently numerous to satisfy the requirement of Fed. R. Civ. P. 23(a)(1).

Plaintiffs have failed, however, to make a proper showing of commonality, typicality or adequacy of representation. The Court cannot gauge the degree to which plaintiffs are similarly situated to the members of the proposed class and able to represent them adequately vis-à-vis any right to obtain traditional equitable relief, because plaintiffs' complaint sounds entirely in recovery of compensatory damages to individuals for alleged breaches of fiduciary duty. Plaintiffs simply state that they "seek[] equitable relief" (Am. Compl. ¶ 2) and "the Court should award equitable

relief" (Am. Compl. ¶¶ 74, 84; see also Prayer for Relief ¶¶ C, D, E, J), but they have not alleged any facts that set forth a theory of entitlement to that relief. In spite of the vague requests, "neither plaintiff[s'] nor the court's own ingenuity suggest a form of … equitable relief that would be appropriate." Kishter v. Principal Life Ins. Co., 186 F. Supp. 2d 438, 446 (S.D.N.Y. 2002). Plaintiffs have failed to cure that deficiency in their motion for class certification.

Although the Court should not engage in an evaluation of the merits of the action when determining whether to certify a class, see Spann v. AOL Time Warner, Inc., 219 F.R.D. 307, 315 (S.D.N.Y. 2003), plaintiffs cannot evade their obligation to demonstrate that the requirements of Fed. R. Civ. P. 23(a) have been met by failing to support their claims with any substantive allegations. See Thomas v. Aris Corp. of America, 219 F.R.D. 338, 340 (M.D. Pa. 2003) ("[W]ithout reasonable specificity the court cannot … determine whether the representation is adequate….") (citations and quotation marks omitted); see also 2 Newberg on Class Actions § 6:21 (4th ed.) ("If the pleadings are vague or conclusory, or if they are so generally drawn that they fail to demonstrate typicality, of if they show no relation between the interests of the plaintiff and of the class, then class certification will be denied."). Plaintiffs' vague, conclusory requests for equitable relief coupled with their contention that the circumstances justifying equitable relief will become evident as the litigation progresses (see Pls.' Supplemental Submission in Supp. of Mot. for Class Cert. at 7-8) do not satisfy plaintiffs' burden to show that certification of the proposed class is warranted. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 597-98 (2d Cir. 1986). There may be highly specific, individualized fact issues relating to whether or not each plaintiff is entitled to the vaguely requested equitable relief. See Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65 (D. N.J. 1993). Accordingly, plaintiffs have failed to discharge their burden to establish

commonality, typicality and adequacy of representation. See Fed. R. Civ. P. 23(a); Cruz v. Coach Stores, Inc., 202 F.3d 560, 573 (2d Cir. 2000).

C. Fed. R. Civ. P. 23(b) Factors

Plaintiffs have not only failed to meet their burden with respect to the Fed. R. Civ. P. 23(a) factors, but have also failed to make an adequate showing that this action fits into one of the categories set forth in Fed. R. Civ. P. 23(b). Plaintiffs contend that each of the Rule 23(b) categories is applicable to this action, but have failed to substantiate that contention with respect to any of the Rule 23(b) categories.

Fed. R. Civ. P. 23(b)(1) permits a class to be certified when the prosecution of separate actions by class members would create the risk of either inconsistent adjudications or obligations on the party opposing the class on the one hand, see Fed. R. Civ. P. 23(b)(1)(A), or "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests[,]" on the other hand, see Fed. R. Civ. P. 23(b)(1)(B). Fed. R. Civ. P. 23(b)(2) allows for certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]" Fed. R. Civ. P. 23(b)(3) provides for certification when:

> the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in management of a class action.

As plaintiffs' theory of entitlement to traditional equitable remedies is wholly unclear, the Court cannot assess whether the maintenance of separate actions by class members would create the possibility of "inconsistent or varying adjudications[.]" See Fed. R. Civ. P. 23(b)(1)(A); see also Spann, 219 F.R.D. at 321. Moreover, it cannot be determined how adjudications respecting the interests of proposed certain class members will impact the interests of other proposed class members. See Fed. R. Civ. P. 23(b)(1)(B). Cf. Banyai, 205 F.R.D. at 165. Similarly, the Court cannot ascertain whether defendants have acted or failed to act on grounds generally applicable to the class in a manner that would warrant final injunctive relief with respect to the class as a whole. See Fed. R. Civ. P. 23(b)(2); see also Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 162 (2d Cir. 2001). Lastly, plaintiffs have failed to establish that common issues will likely predominate over individualized issues. See Fed. R. Civ. P. 23(b)(3); see also Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). Indeed, to the extent that participants are entitled to traditional equitable remedies, it seems likely that individualized issues – such as for example the tracing of specific, identifiable sums of money for equitable restitution purposes – will predominate.

Plaintiffs have failed to demonstrate that any of the Fed. R. Civ. P. 23(b) categories applies to the claims in this action insofar as they are brought for traditional equitable remedies pursuant to ERISA section 502(a)(3).

VI. Conclusion

To the extent plaintiffs purport to bring their claims pursuant to ERISA section 502(a)(2), they lack standing, and their claims must be dismissed. To the extent plaintiffs assert their claims

14

pursuant to ERISA section 502(a)(3), they have failed to satisfy their burden to show compliance with the requirements of Fed. R. Civ. P. 23. Accordingly, plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23 is denied.

Dated: New York, NY
August 25, 2005

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.