UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
ISADORE FISHER, on Behalf of Himself and a Class                        :   03 Civ. 3252 (SHS)
of Persons Similarly Situated, and on Behalf of the JP                  :
Morgan Chase 401(k) Savings Plan,                                       :   OPINION & ORDER
                                                                        :
                       Plaintiff,                                       :
                                                                        :
         -against-                                                      :
                                                                        :
J.P. MORGAN CHASE & CO., J.P. MORGAN                                    :
INVESTMENT SERVICES, THE PLAN                                           :
INVESTMENT MANAGEMENT COMMITTEE,                                        :
THE BENEFITS FIDUCIARY COMMITTEE,                                       :
INA R. DREW, DINA DUBLON, PATRICK L.                                    :
EDSPARR, JOHN J. FARRELL, PETER H. KOPP,                                :
MARIA ELENA LAGOMASINO, BLYTHE S.                                       :
MASTER, EDWARD L. McGANN, MARC J.                                       :
SHAPIRO, JOHN C. WILMOT, RICHARD                                        :
DONALDSON JR., WILLIAM B. HARRISON,                                     :
MARC J. SHAPIRO, HANS W. BECHERER, RILEY                                :
P. BECHTEL, FRANK A. BENNACK, JR.,                                      :
LAWRENCE A. BOSSIDY, M. ANTHONY BURNS,                                  :
H. LAURANCE FULLER, ELLEN V. FUTTER,                                    :
WILLIAM H. GRAY, III, WILLIAM B.                                        :
HARRISON, JR., HELENE L. KAPLAN, LEE R.                                 :
RAYMOND, JOHN R. STAFFORD, LLOYD D.                                     :
WARD and JOHN DOES 1-30,                                                :
                                                                        :
                       Defendants.                                      :
------------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

**I. Introduction**

      Plaintiffs Isadore Fisher, Janna Moore Wooten, Kelli M. Bunn, Tammy Soileau and Amy K.

Harvey, who are present and former participants in JP Morgan Chase & Co.'s 401(k) Savings Plan

(the "Plan"), claim that defendants, who are alleged to be fiduciaries with respect to the Plan,

breached their fiduciary duties to the Plan in violation of section 409(a) of the Employee Retirement

1

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1109(a).  In an Opinion and Order dated August 25, 2005, the Court, in denying plaintiffs' motion to certify a class, concluded that plaintiffs have standing to pursue their claims only to the extent that they seek equitable relief pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3).  Defendants have now moved for summary judgment in their favor on the basis of the depositions of the five named plaintiffs, four of whom testified that they are seeking money damages only in this action and the last of whom could not identify any form of equitable relief that she is seeking.  As explained below, defendants' motion is granted in part and denied in part because while plaintiffs lack standing to recover individual monetary damages in this action, their deposition testimony does not constitute a forfeiture of their ability to obtain equitable relief.

**II. Background**

The Court presumes familiarity with its Opinion and Order denying plaintiffs' motion for class certification, Fisher v. J.P. Morgan Chase & Co., 230 F.R.D. 370 (S.D.N.Y. 2005).  As explained in that decision, to the extent that plaintiffs' three claims for breach of fiduciary duty – for imprudent investment, misrepresentation or omission and improper supervision of other fiduciaries – were brought pursuant to ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2), plaintiffs lacked standing because they seek individualized damages on behalf of a specific subclass of participants in the Plan as opposed to recovery for the Plan itself.  Fisher, 230 F.R.D. at 374-76.  The Court noted that the U.S. Supreme Court "has made plain that liability pursuant to ERISA section 502(a)(2) is meant to allow for recovery to 'the benefit of the plan as a whole'" and thus "does not provide individual plan participants a personal right of recovery."  Id. at 375 (quoting Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985)).

The Court concluded: "To the extent plaintiffs purport to bring their claims pursuant to ERISA section 502(a)(2), they lack standing, and their claims must be dismissed." Id. at 379.

The Court also addressed plaintiffs' claims to the extent that they were brought pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3). The Court pointed out that that section "does provide individual participants a personal right of action," but only insofar as those participants bring claims "to enjoin practices that violate ERISA or the relevant plan, or to 'obtain other appropriate equitable relief.'" Fisher, 230 F.R.D. at 376 (quoting 29 U.S.C. § 1132(a)(3)). The Court emphasized that "other equitable relief" refers to "traditional equitable remedies" such as injunction, mandamus and restitution, but not to compensatory or punitive damages. Id. (citing Mertens v. Hewitt Assocs., 508 U.S. 248, 256, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993); Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002)). In denying plaintiffs' motion for class certification pursuant to section 502(a)(3), the Court noted that even though the amended complaint states that plaintiffs "seek[] equitable relief," in actuality it "sounds entirely in recovery of compensatory damages to individuals." Fisher, 230 F.R.D. at 378. The Court concluded: "Plaintiffs' vague, conclusory requests for equitable relief coupled with their contention that the circumstances justifying equitable relief will become evident as the litigation progresses . . . do not satisfy plaintiffs' burden to show that certification of the proposed class is warranted." Id.

Before that decision was issued, the parties had commenced discovery and defendants had deposed each of the five named plaintiffs. When asked what kind of relief they sought in this action, four plaintiffs testified that they sought money damages only and the fifth, Amy Harvey, could not articulate what kind of relief she sought. (See Exs. A-E of the Affidavit of Jonathan K.

Youngwood dated Sept. 23, 2005 ("Youngwood Aff.").)   Specifically, the plaintiffs testified as follows:

Isadore Fisher

> Q. Mr. Fisher, if you prevail in this lawsuit what do you hope to obtain?
> A. I hope to get a settlement on my behalf and on behalf of all the other class members.
> Q. Money.
> A. Money.
> Q. You hope to get money for yourself and others.
> A. Yes.
> Q. Anything other than money, sir?
> A. No.

(Dep. of Isadore Fisher dated Dec. 7, 2004 at 68:13-24, Ex. A to Youngwood Aff.)

Kelli M. Bunn

> Q. And what would you say were the principal reasons that you decided to pursue the lawsuit?
> A. I would say just to try to help all of the people that participated, you know, in the 401(k) plan, you know that was with JPMorgan.
> Q. And help them in what way?
> A. To help them recoup some of the losses that they took.
> Q. And is that what you seek in this lawsuit?
> A. Yes.
> Q. Is there any other form of relief that you seek in this lawsuit?
> A. No.

(Dep. of Kelli M. Bunn dated Jan. 11, 2005 at 77:8-23, Ex. B to Youngwood Aff.)

Tammy Soileau

> Q. What do you hope you'll obtain by bringing this lawsuit?
> A. Just to recoup some of the money that we lost.  If not all of it, at least some of it that we lost in that Chase stock.
> Q. Anything else?
> A. No.

(Dep. of Tammy Soileau dated Jan. 11, 2005 at 77:17-23, Ex. C to Youngwood Aff.)

Janna Moore Wooten

> Q. What is it that you hope to recover from this lawsuit?

4

> A. Possibly compensation for some of the lost funds.
> Q. And by compensation do you mean monetary compensation?
> A. Yes, sir.
> Q. Anything else?
> A. No, sir.

(Dep. of Janna Moore Wooten dated Mar. 10, 2005 at 82:20-83:4, Ex. D to Youngwood Aff.)

Amy K. Harvey

> Q. How do you claim that you have been injured in this lawsuit?
> A. I can't answer that.
> Q. Have you been injured by JPMC?
> A. I can't answer that.
> Q. Do you not know whether you have been injured or not?
> A. Injured as.
> Q. I'm asking you have you been injured in any way by JPMC?
> A. No.
> Q. Have you suffered any loss because of JPMC?
> A. I don't know.
> Q. You're not sure if you've suffered a loss because of JPMC.
> A. I can't answer that.
> Q. What sort of relief are you asking for in this lawsuit?
> [Objection is asserted and the question is rephrased.]
> Q. What do you hope to gain if this lawsuit is successful?
> A. I can't answer that. I don't know what, what to answer. I don't . . .

(Dep. of Amy K. Harvey dated Mar. 10, 2005 at 76:14-77:19, Ex. E to Youngwood Aff.)

Based on this deposition testimony and the Court's Opinion and Order denying class certification, defendants have now moved for summary judgment on the ground that "it is undisputed that Plaintiffs do not seek equitable relief" and thus do not have standing to pursue their claims pursuant to ERISA section 502(a)(3). (Defs.' Mem. in Support of Motion for Summary Judgment dated Sept. 26, 2005 at 2, 4.)

In response to defendants' motion, each of the plaintiffs filed declarations attesting that he or she is, in fact, seeking equitable relief in this action. The declarations are identical and read as follows:

> 1.  I am one of the plaintiffs in this action.

5

> 2. The relief which I seek in this action, on my own behalf, on behalf of the other plaintiffs, and on behalf of similarly situated participants and beneficiaries of the JP Morgan Chase 401(k) Savings Plan . . . is the relief which is fair and appropriate based on the evidence which will be presented at trial and the Court's findings of fact based on that evidence.
> 3. While this case is not yet at the trial-ready stage, and so the precise relief which is fair and appropriate cannot presently be exactly determined, it is my hope and expectation that the relief to be awarded by the Court will include both an award of monetary damages and appropriate equitable relief.
> 4. With respect to an award of monetary damages, I believe that an award of monetary damages will be fair and appropriate in this case because it represents a return on what I have lost because of defendants' alleged misconduct. What I invested in my 401(k) account was money, what I lost as a consequence of defendants' alleged misconduct is money, and so what defendants should be required to make up to me and other persons similarly situated, if found liable, is money.
> 5. With respect to appropriate equitable relief, that will depend upon the evidence at trial and the Court's findings of fact. It is thus premature to say what form or forms of equitable relief should be awarded in this case, but appropriate equitable relief may include a declaration that defendants have violated their fiduciary duties under ERISA and/or that some or all of the defendants be ordered to disgorge any profits which they have unjustly gained as a consequence of the misconduct alleged in this case.

(Decl. of Isadore Fisher dated Nov. 25, 2005; Decl. of Kelli M. Bunn dated Nov. 28, 2005; Decl. of Tammy Soileau dated Nov. 28, 2005; Decl. of Janna Moore Wooten dated Nov. 29, 2005; Decl. of Amy Harvey dated Nov. 30, 2005.)

**III. Analysis**

A. Summary Judgment Standard

Summary judgment is appropriate only if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995); LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir.

2004); see also LaFond, 50 F.3d at 171.  However, the party opposing summary judgment "may not rely on mere conclusory allegations or speculation, but instead must offer some hard evidence" in support of its factual assertions.  D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict" in its favor.  Golden Pacific Bancorp v. F.D.I.C., 375 F.3d 196, 200 (2d Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)) (internal quotation marks omitted).

      B. Plaintiffs' Claims Pursuant to ERISA Section 502(a)(2)

As explained above, plaintiffs bring their claims for breach of fiduciary duty pursuant to both ERISA section 502(a)(2) and ERISA section 502(a)(3).  With regard to plaintiffs' section 502(a)(2) claims, defendants contend that they are entitled to summary judgment in their favor because the Court already ruled that such claims "must be dismissed" due to lack of standing.  Fisher, 230 F.R.D. at 379.  Plaintiffs respond that the Court's prior ruling in this regard is erroneous in light of (1) In re Schering-Plough Corp. ERISA Litig., 420 F.3d 231, 232 (3d Cir. 2005), in which the U.S. Court of Appeals for the Third Circuit held that plaintiffs may bring claims for breach of fiduciary pursuant to section 502(a)(2) even if "the alleged fiduciary violations affected only a subset of the saving plan's participants"; (2) a recent decision by the U.S. Court of Appeals for the Fifth Circuit vacating Milofsky v. Am. Airlines, Inc., 404 F.3d 338 (5th Cir. 2005), a case relied upon by this Court in its prior ruling; and (3) an amicus brief filed by the U.S. Department of Labor in Milofsky asserting that plaintiffs should have standing to pursue ERISA claims even if recovery would be allocated to individual accounts as opposed to the plan as a whole.

Plaintiffs' arguments are unpersuasive.  The Court's August 2005 ruling that plaintiffs lack standing to the extent that their claims are brought pursuant to section 502(a)(2) is the law of the

7

case and as such should not be altered absent "cogent" or "compelling" reasons such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006) (quoting United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000)) (internal quotation marks omitted); see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." (quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)) (internal quotation marks omitted)).

Here, no cogent or compelling reasons exist that warrant revisiting the Court's prior ruling. First, the Third Circuit's decision in In re Schering-Plough is not binding on this Court and thus does not constitute a change in controlling law. The same is true for the Fifth's Circuit's en banc vacatur of its ruling in Milofsky v. Am. Airlines, Inc., 404 F.3d 338 (5th Cir. 2005). See Milofsky v. Am. Airlines, Inc., 442 F.3d 311 (5th Cir. 2006) (en banc) (per curiam). Moreover, that brief per curiam opinion did not address the merits of defendants' standing argument and instead found only that the district court erred in dismissing plaintiffs' claims as "[m]easured by the principles of notice pleading and the standards controlling dismissal under Fed. R. Civ. P. 12(b)(6)." Id. at 313.

Second, the litigation position of the U.S. Department of Labor is not entitled to any particular deference apart from the merits themselves. See Southern Utah Wilderness Alliance v. Dabney, 222 F.3d 819, 828 (10th Cir. 2000). Thus, its amicus filing in Milofsky cannot be considered "an intervening change of controlling law." Thorn, 446 F.3d at 383.

Third, at the time of the Court's prior ruling, there already existed a split in authority as to whether plaintiffs seeking recovery for a specific subclass of ERISA plan participants have standing

to sue pursuant to ERISA section 502(a)(2).  See Fisher, 230 F.R.D. at 376 n.1.  Nonetheless, the Court was persuaded by the Supreme Court's reasoning in Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985) that "the entire text" of the relevant ERISA provisions makes clear that "Congress did not intend [section 502(a)(2)] to authorize any relief except for the plan itself."  Id. at 375 (citing Russell, 473 U.S. at 144).  The Court also relied upon the Second Circuit's unambiguous statement that "Russell . . . bars plaintiffs from suing under Section 502(a)(2) [when] plaintiffs are seeking damages on their own behalf, not on behalf of the Plan."  Id. at 375 (citing Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993)).  The fact that the Third Circuit and the Department of Labor have concluded otherwise does not alter this Court's determination.

Accordingly, plaintiffs lack standing to sue pursuant to ERISA section 502(a)(2) and defendants are therefore entitled to judgment as a matter of law to the extent that plaintiffs' claims are brought pursuant to that section.

### C. Plaintiffs' Claims Pursuant to ERISA Section 502(a)(3)

Defendants also seek summary judgment in their favor to the extent that plaintiffs' claims are brought pursuant to ERISA section 502(a)(3).  They assert that the Court's August 2005 ruling established that section 502(a)(3) allows only for equitable remedies and that, because four of the plaintiffs testified that they seek only money damages and the fifth could not articulate what relief she seeks, plaintiffs are estopped from proceeding pursuant to section 502(a)(3).

Plaintiffs proffer two responses.  First, they contend that "monetary relief" can be available as a remedy pursuant to ERISA section 502(a)(3).  Second, they assert that plaintiffs cannot be held to their deposition testimony in light of their subsequent declarations and Fed. R. Civ. P. 54(c), which requires that "every final judgment shall grant the relief to which the party in whose favor it

is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."  Fed. R. Civ. P. 54(c).

Plaintiffs' first response is true only insofar as "monetary relief" refers to moneys that are part of a "traditional equitable remedy" such a constructive trust or an equitable lien.  See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 103 (2d Cir. 2005).  But plaintiffs appear to assert that all forms of monetary relief, including compensatory damages, are available pursuant to ERISA section 502(a)(3).  (See Pls.' Mem. in Opp. To Defs.' Motion for Summary Judgment dated Dec. 1, 2005 ("Pls.' Mem.") at 9-10.)  Thus, plaintiffs are asking the Court to reconsider its prior determination that the only remedies available pursuant to ERISA section 502(a)(3) are "traditional equitable remedies" such as "injunction, mandamus, and restitution."  Fisher, 230 F.R.D. at 376 (quoting Mertens, 508 U.S. at 256) (internal quotation marks omitted).  Here again, however, plaintiffs cannot point to any intervening change of controlling law on the type of relief available pursuant to section 502(a)(3), nor have they established either that new evidence exists or "the need to correct a clear error or prevent manifest injustice."  Thorn, 446 F.3d at 383.

Rather, plaintiffs again cite the Third Circuit's opinion in In re Schering-Plough, which ruled that "[p]laintiffs may seek money damages on behalf of the fund."  420 F.3d at 232.  That statement of the Third Circuit, however, was made in reference to ERISA section 502(a)(2) – not section 502(a)(3) – and was based on reasoning this Court has rejected.  See id. at 232, 235; see supra.

Plaintiffs also contend that compensatory damages are available pursuant to ERISA section 502(a)(3) as long as the relief is established as against breaching fiduciaries.  For that proposition, plaintiffs cite Berger v. Xerox Corp. Ret. Income Guar. Plan, 338 F.3d 755 (7th Cir. 2003) and, once again, the position of the U.S. Department of Labor.  (Pls.' Mem. at 9 (citing Amended Brief

of the Secretary of Labor as Amicus Curiae Opposing the Motions to Dismiss in Tittle v. Enron Corp., H-01-3913 (S.D. Tex.) at 51).)

In Berger, however, the U.S. Court of Appeals for the Seventh Circuit did not hold that compensatory damages are available pursuant to ERISA section 502(a)(3); rather, it affirmed an award of declaratory relief pursuant to a different ERISA provision – section 502(a)(1)(B) – and specifically mentioned that any monetary relief sought would "not be equitable." Berger, 338 F.3d at 763.

Moreover, to the extent that the U.S. Department of Labor is of the opinion that compensatory damages are available pursuant to ERISA section 502(a)(3) for claims against breaching fiduciaries, the Court disagrees. As the Court noted in its prior ruling, the U.S. Supreme Court in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002) squarely held that section 502(a)(3) does not authorize compensatory damages. See Fisher, 230 F.R.D. at 376 (citing Great-West, 534 U.S. at 210). Great-West did not differentiate between claims against fiduciaries and claims against non-fiduciaries, see Great-West, 534 U.S. at 209-10, and courts have regularly applied Great-West's limitation on section 502(a)(3) damages to suits against plan fiduciaries. See, e.g., Nechis, 421 F.3d at 103; Kishter v. Principal Life Ins. Co., 186 F. Supp. 2d 438, 442 (S.D.N.Y. 2002).

Thus, the Court reiterates that compensatory damages are not available as a remedy pursuant to ERISA section 502(a)(3). Accordingly, if plaintiffs are unable to specify any "traditional equitable remedies" that would be available through the prosecution of this action, their claims must be dismissed due to lack of standing.

Plaintiffs are correct, however, that their deposition testimony by itself does not foreclose the potential availability of such remedies. As noted above, Rule 54(c) provides that except in cases

of judgment by default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed. R. Civ. P. 54(c). Courts have interpreted Rule 54(c) to permit the granting of injunctive relief even where plaintiffs have failed to make a demand for that type of relief. See, e.g., Terry v. UNUM Life Ins. Co. of Am., 394 F.3d 108, 110 (2d Cir. 2005); Powell v. Nat'l Bd. of Med. Examiners, 364 F.3d 79, 86 (2d Cir. 2004). In addition, district courts have "discretion to grant relief to a party even where that party has earlier abandoned the same requested relief." Starter Corp. v. Converse, Inc., 170 F.3d 286, 299 (2d Cir. 1999).

Accordingly, the fact that plaintiffs – who are not lawyers – testified that they sought only "money" by prosecuting this action does not by itself prevent the Court from granting appropriate equitable relief at the conclusion of this case if such relief is warranted. See Massachusetts Bonding & Ins. Co. v. State of New York, 259 F.2d 33, 40 (2d Cir. 1958) ("[I]t is the court's responsibility to award relief required by the facts on any proper ground, regardless of the theories urged by the parties."). Thus, the Court cannot conclude that plaintiffs lack standing to prosecute their claims pursuant to ERISA section 502(a)(3) on the basis of plaintiffs' depositions alone because plaintiffs' depositions do not establish conclusively that equitable relief will be unavailable to them. Defendants' motion for summary judgment in their favor as to plaintiffs' claims pursuant to ERISA section 502(a)(3) is therefore denied as of this writing.

However, Rule 54(c) does not permit this Court to give, nor plaintiffs to seek, relief to which plaintiffs are not "entitled." Fed. R. Civ. P. 54(c); see generally City of Los Angeles v. Lyons, 461 U.S. 95, 109-113, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). As explained above, plaintiffs are not entitled to compensatory damages pursuant to ERISA section 502(a)(3) and to the extent that plaintiffs seek such damages exclusively – as their deposition testimony would have it – they do not

have standing to prosecute this action. Notwithstanding plaintiffs' broadly worded declarations that they "may" be entitled to some form of declaratory relief or disgorgement of profits, plaintiffs have thus far failed to point to any specific form of equitable relief to which they would be entitled were they to succeed in establishing defendants' wrongdoing, nor have they "alleged any facts that set forth a theory of entitlement to that relief." Fisher, 230 F.R.D. at 376. Thus, at this stage of the proceedings, not "even the court's own ingenuity" can fathom a form of equitable relief that would be appropriate in this action. See id. (quoting Kishter, 186 F. Supp. 2d at 446).

Without any indication or evidence that some form of equitable relief will be available to plaintiffs if they succeed in establishing defendants' wrongdoing, this action cannot go forward; plaintiffs do not have standing to conduct a fishing expedition in search of a remedy that does not exist. See Lyons, 461 U.S. at 113. Accordingly, plaintiffs are ordered to show cause why they have standing to prosecute this action pursuant to ERISA section 502(a)(3). In so doing, they must identify with specificity what equitable relief, if any, is available to them consistent with their allegations and the evidence adduced thus far in discovery.

**IV. Conclusion**

Defendants' motion for summary judgment in their favor is granted to the extent plaintiffs bring their claims pursuant to ERISA section 502(a)(2) and denied at this time to the extent plaintiffs bring their claims pursuant to ERISA section 502(a)(3). Plaintiffs are hereby ordered to show cause on or before October 13, 2006 why this action should not also be dismissed to the extent they bring their claims pursuant to ERISA section 502(a)(3). Specifically, plaintiffs must identify with specificity the forms of equitable relief to which they believe they are entitled pursuant to section 502(a)(3) and why that relief is available in light of Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002), Nechis v. Oxford Health

Plans, Inc., 421 F.3d 96, 103 (2d Cir. 2005) and this Opinion and Order. Defendants may reply on or before October 27, 2006.

Dated: New York, New York
       September 29, 2006

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.